UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KAREN DRAGON,<br>        Plaintiff,<br><br>    v.<br><br>THE STATE OF CONNECTICUT and<br>THE STATE OF CONNECTICUT,<br>JUDICIAL BRANCH,<br>        Defendants. | No. 3:14-cv-0749 (MPS) |

### MEMORANDUM OF DECISION

**I.    Introduction**

Plaintiff Karen Dragon ("Ms. Dragon"), a Hispanic woman, brings this action against the State of Connecticut and the State of Connecticut, Judicial Branch (the "State Defendants"). Her four-count complaint relates to discrimination she allegedly faced based on her gender and ethnicity during her employment as a Judicial Marshal with the State Defendants. Ms. Dragon alleges a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), along with three state-law claims: (1) a violation of the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §§ 46a-60 *et seq.* ("CFEPA"), (2) negligent hiring, training, and supervision, and (3) intentional infliction of emotional distress.

The State Defendants have moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). First, they argue that Ms. Dragon's Title VII claim fails to state a claim upon which relief can be granted, both because Ms. Dragon has failed to exhaust her administrative remedies and because her allegations are merely vague and conclusory. Second, the State Defendants argue that Ms. Dragon's state-law claims are barred under the Eleventh Amendment. The State Defendants have also filed motions for a more definite statement and to stay discovery. Despite requesting and receiving an almost one-month

1

extension from this Court, Ms. Dragon has not filed a response to any of the State Defendants' motions.  For purposes of this decision, familiarity with the underlying factual record and briefing is assumed.

The State Defendants' Motion to Dismiss is GRANTED.  I dismiss without prejudice Ms. Dragon's Title VII claim because I find that she has failed to attach documents showing that she has adequately exhausted her administrative remedies, and I dismiss with prejudice Ms. Dragon's state-law claims, which are barred by the Eleventh Amendment.

## II.  Legal Standard for a Motion to Dismiss

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain "'a short and plain statement of the claim showing that the pleader is entitled to relief.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8).  Dismissal is authorized under Rule 12(b)(1) of the Federal Rules of Civil Procedure when the federal court lacks subject matter jurisdiction and under Rule 12(b)(6) when the plaintiff has failed to state a claim upon which relief can be granted.  Fed R. Civ. P. 12(b)(1), 12(b)(6).  On a 12(b)(1) motion to dismiss, the plaintiff has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

"[T]he standards for dismissal under Rules 12(b)(1) and 12(b)(6) are substantially identical."  *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 128 (2d Cir. 2003).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678 (internal citation and quotation marks omitted).  In evaluating a motion to dismiss the Court accepts as true all of the complaint's factual, non-conclusory

allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must "draw all reasonable inferences in favor of the nonmoving party." *Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008).

### III. Discussion

#### A. Rule 12(b)(6)—Failure to Exhaust Administrative Remedies under Title VII

The State Defendants argue that Ms. Dragon has not adequately demonstrated that she exhausted her administrative remedies under Title VII. To bring a Title VII claim in federal court, a plaintiff "must file timely administrative charges with the [U.S. Equal Employment Opportunity Commission ("EEOC")]." *McPherson v. New York City Dep't of Educ.*, 457 F.3d 211, 213 (2d Cir. 2006). "If the complainant has instituted state or local proceedings with an agency that is empowered to 'grant or seek relief from [a discriminatory employment] practice or to institute criminal proceedings with respect thereto,' the complainant has 300 days from the occurrence of an adverse employment action to file charges with the EEOC." *Id*. (citing 42 U.S.C. § 2000e-5(e)(1)).

In addition, a "private Title VII plaintiff must also first receive a 'right-to-sue' letter from the EEOC" and then timely initiate suit in federal court. *Id*. at 213-14 ("Such notification is called a 'right-to-sue' letter because the notification is a prerequisite to a suit . . . [and] [t]he timeliness requirement of Title VII 'is analogous to a statute of limitations.'") (quoting reference omitted). "[E]xhaustion of administrative remedies through the EEOC stands as 'an essential element of Title VII's statutory scheme,' and one with which defendants are entitled to insist that plaintiffs comply." *Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000) (quoting *Butts v. City of New York Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993)). A plaintiff's Title VII claims may be dismissed under Rule 12(b)(6) when the plaintiff has failed to

adequately plead and attach to her complaint a right-to-sue letter showing that she has exhausted her administrative remedies. *See King v. U.S. Sec. Assocs., Inc.*, No. 11-cv-4457, 2012 WL 4122025, at *3 (S.D.N.Y. Aug. 22, 2012) (collecting cases), *recommended ruling adopted in full by* 2012 WL 4327396; *see also Lyon v. Jones*, 168 F. Supp. 2d 1, 7 (D. Conn. 2001) (granting dismissal of plaintiff's Title VII claims because plaintiff did not provide proof of exhaustion of administrative remedies, thereby failing to satisfy statutory prerequisites to federal suit).

Here, Ms. Dragon's complaint alleges that she "has exhausted her administrative remedies in this matter, and has sought and received a Notice of Right To Sue letter from the United States Equal Employment Opportunity Commission, and a Release of Jurisdiction from the Connecticut Commission on Human Rights and Opportunities." (Compl. ¶ 65.) However, Ms. Dragon did not attach the right-to-sue letter or clarify when she exhausted her administrative remedies, even after the State Defendants raised these issues in their Motion to Dismiss. Without such information, even after accepting as true Ms. Dragon's allegations, I cannot determine whether Ms. Dragon's Title VII action is timely, whether any of her allegations are time-barred, and whether she has, in fact, properly exhausted her administrative remedies before bringing her Title VII claims.[1]  I therefore dismiss Ms. Dragon's Title VII claim for failure to exhaust administrative remedies.

This dismissal is without prejudice.  Should Ms. Dragon choose to file an amended complaint as to her Title VII claim, she must adequately plead that she has exhausted her

---

[1] Ms. Dragon's complaint appears to allege claims under Title VII for a number of legal theories, such as a hostile work environment (*see, e.g.*, Compl. ¶¶ 3, 12, 18, 52, 62), retaliation (*see, e.g.*, Compl. ¶¶ 1, 3, 52, 61-63), disparate treatment (*see, e.g.*, Compl. ¶¶ 1, 3, 62), and failure to promote (*see, e.g.*, Compl. ¶¶ 19-21).  Because Ms. Dragon has not attached her right-to-sue letter, I cannot determine which of these theories she properly exhausted and that I may therefore consider.  *See Butts*, 990 F.2d at 1401 (holding that a district court may only "hear Title VII claims that are either included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is 'reasonably related' to that alleged in the EEOC charge.")

administrative remedies and attach her right-to-sue letter.[2]

### B. Rule 12(b)(1)—Eleventh Amendment Sovereign Immunity for State Law Claims

The State Defendants argue that Ms. Dragon's remaining three state-law claims, which seek monetary damages from the State Defendants, should be dismissed under Rule 12(b)(1) because they are barred by the Eleventh Amendment.[3]  Again, Ms. Dragon has not responded to this argument.

The Eleventh Amendment provides States and state agencies immunity from suits for monetary damages unless they have unequivocally consented to be sued. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984).  There are two ways a State may be subject to suit in federal court:  (1) Congress can divest a State of immunity through a statutory enactment; or (2) a State may waive its immunity and agree to be sued in federal court.  *Close v. New York*, 125 F.3d 31, 36 (2d Cir. 1997).  The test for determining whether a State has waived its immunity is "stringent," and "will not be found unless such consent is 'unequivocally expressed.'"  *Id*. at 39 (quoting *Pennhurst*, 465 U.S. at 99).  A State may consent to suit in state court without consenting to suit in federal court.  *Smith v. Reeves*, 178 U.S. 436, 440-41 (1900).

Ms. Dragon's state-law claims against the State of Connecticut and the State of Connecticut Judicial Department—a state agency—are clearly barred by the Eleventh Amendment.  First, while the state has waived immunity to CFEPA claims brought against it in

---

[2] Because I am dismissing Ms. Dragon's Title VII claim for the reasons above, I need not address the State Defendants' alternative argument that Ms. Dragon's complaint should be dismissed under Rule 12(b)(6) because it contains only conclusory and vague allegations that fail to satisfy the necessary pleading requirements.  (Defs.' Mot. to Dismiss, at 4-7.)  Should Ms. Dragon choose to file an amended complaint, however, she should ensure that she satisfies all pleading requirements and clearly identifies each separate claim she seeks to bring under Title VII.

[3] The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI.

Connecticut state courts, *see* Connecticut General Statutes Section 46a-100,[4] Ms. Dragon has not presented any evidence that the State Defendants "unequivocally expressed" a waiver of their immunity to suit in federal court.  Other courts addressing this very issue have consistently held that "there is nothing in the Connecticut General Statutes that constitutes an express waiver of Eleventh Amendment immunity for CFEPA claims [in federal court]." *Lyon*, 168 F. Supp. 2d at 6 (collecting cases).

Similarly, Ms. Dragon's remaining two common law claims—negligent hiring, training, and supervision, and intentional infliction of emotional distress—are barred by the Eleventh Amendment.  Ms. Dragon has not presented any arguments that the State Defendants have consented to be sued on such claims, or that any statute has abrogated their immunity.  *See Pennhurst*, 465 U.S. at 106 ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law.").  Thus, because the State Defendants have sovereign immunity as to these state-law claims, such claims must be dismissed.  *See Delrio v. Univ. of Connecticut Health Care*, 292 F. Supp. 2d 412, 419 (D. Conn. 2003) (dismissing plaintiff's CFEPA and state-law claims because they are barred under the Eleventh Amendment); *Gaynor v. Martin*, 77 F. Supp. 2d 272, 281 (D. Conn. 1999) (dismissing plaintiff's state-law claim of intentional infliction of emotional distress because state defendant did not waive its Eleventh Amendment immunity).

IV. Conclusion

For the reasons above, I GRANT the State Defendants' Motion to Dismiss, and the Clerk

---

[4] Conn. Gen. Stat. § 46a-100 states:

> Any person who has timely filed a complaint with the Commission on Human Rights and Opportunities in accordance with section 46a-82 and who has obtained a release from the commission . . . [for] any action involving a state agency or official may be brought in the superior court for the judicial district of Hartford.

is directed to close this case. However, the dismissal of Ms. Dragon's Title VII claim is without prejudice. Should Ms. Dragon seek to reopen her Title VII claim, she must file an amended complaint within 30 days of this ruling that adequately pleads exhaustion of administrative remedies and attaches Ms. Dragon's right-to-sue letter. In light of this ruling, the State Defendants' Motion for a More Definite Statement and Motion to Stay Discovery are DENIED as moot.

IT IS SO ORDERED.

_/s/_
Michael P. Shea, U.S.D.J.

Dated:     Hartford, Connecticut
           November 21, 2014