UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KAREN DRAGON,<br>    Plaintiff,<br><br>v.<br><br>STATE OF CONNECTICUT, JUDICIAL BRANCH,<br>    Defendants. | No. 3:14-cv-749 (MPS) |

## MEMORANDUM OF DECISION

The defendants' motion for reconsideration (ECF No. 66) regarding the order on motion for summary judgment is granted but relief is DENIED. The motion fails to point to any binding precedent or evidence in the record that leads this Court to alter its conclusion that a reasonable juror could find in favor of the plaintiff when the evidence in the record is construed in favor of the plaintiff.

Rule 7(c) of the Local Rules of Civil Procedure of the District of Connecticut authorizes motions for reconsideration. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

To take the defendants' arguments in reverse order, first, the Court did not treat statements in the plaintiff's complaint to which the plaintiff was not competent to testify as evidence, as the Court's ruling on this point made clear: "I will treat her amended complaint as an affidavit because she has sworn to the truth of it, and will accept as true all allegations in the complaint *about which she is competent to testify*."  (ECF No. 65 at 2 n.2 (emphasis added).)

Second, although the defendants point to minor differences between the "written reprimand" letters issued to Marshals Lincoln and Dexter, on the one hand, and the "written warning" letter issued to the plaintiff, on the other, the substantive differences between the two sets of letters are unclear.  Indeed, in describing the impact of the "written warning" letter issued to the plaintiff, Linda Dow, Counsel to Human Resources Management, State of Connecticut Judicial Branch, points to the Article of the Collective Bargaining Agreement describing "Discipline" and "written reprimands."  (ECF No. 55-4 at 78.)  Further, Ms. Dow's description of the impact of a "written warning" does not appear to differ materially from the description of the impact of a "written reprimand" set forth in the Collective Bargaining Agreement.  In any event, even if no reasonable juror could find that the "written warning" given to the plaintiff constituted "discipline," that would not change the Court's summary judgment ruling, as the ruling itself makes clear. (ECF No. 65 at 14-15 ("Although Defendants dispute that this was discipline, a reasonable juror could find that it was…. *In any event*, Ms. Dragon has submitted evidence that, when it is construed in the light most favorable to her, would permit a reasonable juror to find that her subordinate marshals tried to sabotage her …." (emphasis added)).)

Third, the Court has already rejected the defendants' argument that the totality of the evidence in the record, construed in the light most favorable to the plaintiff, is insufficient to allow a reasonable juror to find an abusive working environment.  While the cases cited by the defendants may have involved *more* abusive working environments than the one to Ms. Dragon was subjected, the Court has concluded that Ms. Dragon has submitted enough evidence from which a juror could find in her favor on this claim.  Moreover, to the extent the defendants suggest that a jury cannot make a finding of a hostile work environment in the absence of physical contact or threats, they are incorrect.  *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23

(1993) ("[W]hether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances. These may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance ….[N]o single factor is required.").

Finally, the defendants' argument that the Court should not consider acts occurring outside the relevant limitations period because those earlier acts are unrelated to the acts occurring within the limitations period is not convincing. Even assuming that some of the incidents occurring from 2006 through 2010 were unrelated to the later incidents that fell within the limitations period – a questionable assumption given that they involved the same target and, in some instances, the same physical location --, some of them are plainly related. For example, and contrary to the Defendant's assertion, some of the earlier acts allegedly involved both sex-based discrimination and race-based discrimination and thus form part of the same hostile work environment that gave rise to the later sex-based acts that took place within the limitations period – or so a reasonable juror could find. *See, e.g.,* ECF No. 55-4 at 25-28 (describing "silent treatment" and other insubordination attributed to a "male" marshal in 2010 following the plaintiff's promotion); *id.* at 8-9 (plaintiff's testimony regarding her claim that male marshals received favored treatment with regard to CDL training before 2006); ECF No. 61-2 at 6 (allegation in plaintiff's complaint, which she verified at her deposition, that two white, non-Hispanic *males* complained about her speaking Spanish).

In short, consideration of all of the evidence in the record, construed in the light most favorable to the plaintiff, still leads the Court to the conclusion that summary judgment was properly denied.

IT IS SO ORDERED.

/s/

Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
October 19, 2016